## NEWBURY and others *v.* MOSSMAN.

*(Circuit Court, S. D. New York.* September 25, 1884.)

PATENTS FOR INVENTIONS—TIME-LOCK—INFRINGEMENT.
 Infringement of patent No. 262,094, granted to Henry F. Newbury, August
 1, 1882, for an improvement in time-locks. *held* not shown, and preliminary injunction refused.

In Equity.

*Samuel A. Duncan,* for orators.

*Edmund Wetmore,* for defendant.

WHEELER, J.   The clock-work of time-locks regulates the movements of machinery to make way for the lock-bolt in unlocking, so that way will be made at the proper time and not sooner.   If the delicate or other parts of the time movements are broken or displaced, so as not to hold the machinery, it will run down at once and free the bolt.   The orator's patent, No. 262,094, dated August 1, 1882, and granted to Newbury, is for an improvement in such locks by which some part of the mechanism between the power and the bolt shall be made yielding by a spring, so as to disconnect there more readily than the time movement will, and leave the bolt fast in case of a shock to the lock from the outside.   There are two claims, one of which is for the combination of the connecting mechanism, "some part of which is made yielding for the purpose of interrupting the operative continuity of the mechanism under the force of a shock" with other parts of the lock; the other is for the same combination, with the addition to the parts of a device for holding the parts out of engagement when disconnected.   The alleged infringement consists in making the connection between the plates of the clock-work more firm, moving the yoke-lever, by which pins on the dials make way for the lock-bolt away from the front of the dials to make room for throwing them forward out of place and disconnecting them, and weakening the screws by which they are attached to their arbors to make them more easy to be removed from their places by a shock from without.

Strengthening the parts about the clock-work might make the other line of mechanism comparatively more likely to yield to a shock by making this line less so, but that would not of itself seem to be an infringement of the patent, which is for making one of a set of parts yielding, and not for making another of another set unyielding.   Removing the yoke-lever out the way of a forward movement of the dials does not appear to be new with the defendant's locks made since this patent.   Locks were made with the yoke-lever back of the dials long before the patent and before the invention. ·

The most important question is whether the dials are a part of the mechanism made yielding for the purpose of disconnecting under the

force of a shock, within the meaning of the patent. They are in their former places, fastened by the same form of fastening, but made weaker, and perhaps made so for the purpose of being made to appear liable to disconnect in case of a shock. But there is no evidence that they will so yield. They are fastened by a screw, apparently made to hold, and which cannot yield to the force of a shock without being stripped of its threads. The threads are small, but the dials are light, and it does not seem as if any shock that would not shatter the whole structure of the lock would give the dials momentum enough to strip the screws out of their threads. Without proof that a shock would so operate there is not sufficient proof to warrant granting a preliminary injunction.

The motion is therefore denied.